# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | CASE NO. CV-F-04-6318 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS |
| | ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL |
| vs. | ORDER RE: MODIFICATION OF DISCOVERY AND SCHEDULING ORDERS |
| | Unenumerated Rule 12(b)<br>Motion Deadline - 10/31/07<br>Discovery Cut-Off Deadline - 4/30/08<br>Deadline to Amend Pleadings - 5/30/08<br>Dispositive Motion Deadline - 6/30/08 |
| ANGEL MARTINEZ, | OBJECTIONS DUE IN 15 DAYS |
| Defendant. | (Docs. 37, 40, 41, 49, 50) |

I. <u>Introduction</u>

    Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendant Martinez on plaintiff's original complaint, filed September 27, 2004. Now pending before the court is defendant's motion to dismiss filed December 8, 2006 (Doc. 40) and defendant's motions for modification of the scheduling order filed on November 7, 2006, (Doc. 37) and January 5, 2007. (Doc. 41). On July 23, 2007, plaintiff filed an opposition to defendant's motion to dismiss. Plaintiff also filed a motion for appointment of counsel (Doc. 50) and a motion for the court to modify the scheduling order that same day. (Doc. 49).

1

## II. Legal Standard

Rule 37(b)(2) of the Federal Rule of Civil Procedure provides:

> (2) **Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and

5. The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Public policy favors disposition of cases on their merits. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.Pro. 41(b). Dismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004); Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

III. Discussion

The discovery phase of this litigation was opened by court order on March 8, 2006. On May 23, 2006, defendant served plaintiff with Interrogatories (Set No. 1) and a Request for Production (Set. No.1). Declaration of James J. Arendt, ¶ 2. The discovery was returned in the mail. Id. On June 16, 2006, counsel for defendant received a letter from plaintiff, stating that his address changed to the Merced County Jail on April 26, 2006. Id. at ¶ 3. As a courtesy, on June 28, 2006, defendant re-served the written discovery. Id. at ¶ 4. On July 18, 2006, counsel sent plaintiff a letter stating that responses to the written discovery were due on August 14, 2006, and that if responses were not received, a motion to compel, including a request for sanctions would be filed. Declaration of James

J. Arendt, ¶5. The defendant did not receive responses to the discovery requests. Id.

On August 30, 2006, defendant filed a motion to compel and requested sanctions in the amount of $496.50. (Doc. 36). On November 9, 2006, the court granted the motion and ordered plaintiff to serve written responses within twenty days as well as reply to defendant's request for sanctions. (Doc. 38). Plaintiff did not comply with the court's order.

On December 8, 2006, defendant's filed a motion to dismiss based on plaintiff's failure to comply pursuant to Rule 37(b)(2)(C) and Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff did not file a response to the motion. On June 21, 2007, the court ordered plaintiff to file a response to defendant's motion to dismiss as well as explain why he did not comply with the court's order.

On July 23, 2007, plaintiff filed a response wherein he alleges he did not comply with the court's order or the discovery requests because he did not have access to his legal materials while he was at the Merced County Jail. Plaintiff claims he was without his legal materials due to being transferred from various facilities from April 2006 until February 2007, when High Desert Prison forwarded the materials to him. He also alleges that he did not comply with the discovery request because he lost the motion and he did not have access to records outlining what had happened in the case. Finally he contends that he never received the court's order and thought he had a motion for legal counsel pending and that he did not have to respond to the order until the motion for counsel was ruled on.

In his reply, defendant notes that the evidence submitted by the plaintiff indicates that plaintiff was given the opportunity to take his legal materials with him when he was transferred to Merced County jail but he refused to do so. See, Plaintiff's Exhibit 2 at pg. 2. Plaintiff's evidence also indicates that the materials were being sent to him in October 2006. Id. Accordingly, the court should grant defendant's motion.

By his own admissions, plaintiff has had his legal materials from High Desert Prison since February 2007, but he never responded to the motions. See, Plaintiff's Response at pg. 3. However, plaintiff also alleges that he has had limited access to his materials because he is in administrative segregation and that he never received the court's order. Id. at 3-4. He has requested that counsel be appointed so that he can obtain assistance in reviewing his legal materials and litigating the case.

After reviewing the record, the Court finds that the discovery requests were properly served on plaintiff. The court also notes that the November 9, 2006 order was served on the plaintiff. Further, there is some evidence to suggest that the plaintiff did in fact receive it. It appears that plaintiff served the defendant with objections to the order and the defendant filed an opposition to these objections. (Doc. 39). However, plaintiff never filed those objections with the court. Finally, the court notes that the only motion for request for counsel filed by the plaintiff in this case was filed on July 23, 2007.

There appears to be some inconsistencies in plaintiff's reasons as to why he has not complied with discovery requests and court orders. At a minimum, plaintiff has been negligent.[1] However, the court is not willing to find that the plaintiff acted in bad faith or willful non-compliance in light of the fact that plaintiff has been detained in administrative segregation and has been transferred to different facilities. Further, plaintiff is not an attorney and is not as familiar with the legal process as opposing counsel. Plaintiff's response also indicates that he still wants to pursue this action.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

Plaintiff is advised that the courts denial of his request for counsel is not an excuse for his

---

[1] The court is aware that plaintiff has not complied with discovery requests in Jones v. Sweeny, 1:04 -cv-6214 AWI DLB despite being ordered to do so.

5

failure to comply with discovery or court orders. He is expressly warned that the court has been lenient given the fact that he is pro per and incarcerated. However, failure to serve future responses or comply with court orders in this case will result in the imposition of sanctions deemed appropriate by the court. In light of the above, plaintiff shall respond to defendant's pending discovery requests **within 60 days of the date of this order**. The court will serve plaintiff with a copy of the docket sheet which outlines the procedural history of the case since plaintiff has asserted that he has requested information in the past and has not received it. Modifications to the scheduling and discovery deadlines shall be followed as set forth herein.

IV. Conclusion

Accordingly, the court HEREBY RECOMMENDS that defendant's motions to dismiss and his motion for monetary sanctions by DENIED without prejudice. Plaintiff's motion for the appointment of counsel is DENIED. Further, the parties are advised as follows :

1) The deadlines for filing motions to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated portion of the Federal Rule of Civil Procedure 12(b) shall be October 31, 2007;

2) The deadline for completion of all discovery, including filing motions to compel, shall be April 30, 2008;

3) The deadline for amending the pleadings shall be May 30, 2008;

4) The deadline for filing pre-trial dispositive motions shall be June 30, 2008;[2]

5) Defendant shall reserve the discovery requests on Plaintiff within 5 days of this order. Plaintiff shall respond to defendant's discovery requests within 60 days of the date of this order;

6) The Clerk of the Court shall serve the plaintiff with a copy of the public docket sheet in this case.

These Findings and Recommendations regarding defendant's motion to dismiss will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title

---

[2] The pre-trial dispositive motion deadline does not apply to the filing of unenumerated Rule 12(b) motions to dismiss based on failure to exhaust. Unenumerated Rule 12(b) motions for failure to exhaust must be filed on or before the deadline separately set forth in this order.

6

28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Yist, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 31, 2007**          **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE