IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | CASE NO. 1:04-cv-6318 OWW DLB P |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| | (Doc. 56) |
| vs. | |
| ANGEL MARTINEZ, | ORDER REGARDING MODIFICATION OF SCHEDULING ORDER |
| | (Doc. 60) |
| Defendant. | |

Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendant Martinez ("defendant") on plaintiff's original complaint, filed September 27, 2004. Now pending before the court is defendant's motion to compel, filed March 17, 2008, wherein defendant contends that plaintiff is still not cooperating in discovery. On March 19, 2008, this court issued an order commanding plaintiff to respond to defendant's motion within thirty days. (Doc. 57). Plaintiff filed proof of service of his responses to interrogatories on April 17, 2008. (Doc. 58).

On May 5, 2008, defendant filed his reply. (Doc. 59). Defendant states that on April 16, 2008, plaintiff served on defendant's counsel his responses to the interrogatories at issue in the instant motion. Defendant contends that plaintiff's responses to Interrogatories Nos. 13, 15 and 20 remain deficient.

1

Defendant seeks an order compelling plaintiff to provide complete responses, monetary sanctions, and modification of the scheduling order.

On June 30, 2008, plaintiff filed his own motion to compel, which appears to include further responses to defendant's interrogatories. (Doc. 61).[1]

**Procedural Background**

The discovery phase of this litigation was opened by court order on March 8, 2006. On May 23, 2006, defendant served plaintiff with Interrogatories (Set No. 1) and a Request for Production (Set No. 1). (Doc. 56, Arendt Decl., ¶ 3). The discovery was returned in the mail. (Id). On June 16, 2006, counsel for defendant received a letter from plaintiff, stating that his address had changed. As a courtesy, on June 28, 2006 defendant re-served the written discovery. (Id.). On July 18, 2006, counsel sent plaintiff a letter stating that responses to the written discovery were due on August 14, 2006, and that if responses were not received, a motion to compel, including a request for sanctions would be filed. (Id., at ¶4). Defendant did not receive responses to the discovery requests. On August 30, 2006, defendant filed a motion to compel and requested sanctions. On November 9, 2006, the court granted the motion and ordered plaintiff to serve written responses within twenty days as well as reply to defendant's request for sanctions. (Doc. 38). Plaintiff did not comply with the court's order.

On December 8, 2006, defendant filed a motion to dismiss based on plaintiff's failure to comply pursuant to Rule 37(b)(2)(c) and 41(b) of the Federal Rules of Civil Procedure. On September 4, 2007, this court issued Findings and Recommendations recommending that defendant's motion be denied without prejudice. (Doc. 53). Defendant was ordered to re-serve the discovery requests on plaintiff within five days, and plaintiff was ordered to respond to defendant's discovery request within sixty days of the order. Id. Defendant re-served plaintiff with the interrogatories and Request for Production of Documents on September 7, 2006. (Doc. 56, Arendt Decl., ¶ 6). On October 11, 2006, defendant received plaintiff's responses. (Id., at ¶7). Defendant contends that the interrogatory responses were deficient, and on November 7, 2007, counsel for defendant mailed plaintiff a letter outlining the shortcomings and requesting further responses no later than November 30, 2007. (Id.)

---

[1] Plaintiff's motion to compel shall be ruled upon by separate order, and in due course.

On January 14, 2008, counsel for defendant received plaintiff's supplemental responses. Defendant contends that plaintiff's responses were again deficient and on February 6, 2008, another letter was sent to plaintiff again requesting full and complete responses to the interrogatories. (Id., at ¶ 8). This letter requested that the further responses be produced by February 29, 2008, or defendant would file a motion to compel and would request any and all available sanctions. (Id.). Plaintiff did not respond.

Now before the court is plaintiff's instant motion to compel, wherein defendant requests that plaintiff provide complete responses to Interrogatories Nos. 4, 5, 6, 11, 12, 13, 15, 18 and 20. Since the filing of defendant's motion, it appears that only Interrogatories Nos. 13, 15 and 20 remain at issue. Defendant has also requested his costs of the motion of $412.50, and modification of the scheduling order.

**Discussion**

The court will now address the interrogatories in dispute in the present case.

**Interrogatory No. 13:** "For each cause of action identified in Interrogatory No. 11 above, please identify all documents supporting that cause of action."

**Response:** "The documents supporting my claim is on file at the Kings Co. detention facility & with medical". Previous Response: "Relying on affidavits and or witness testimony, see DOC files." Response filed June 30, 2008: "See Answer 12. And I don't really understand." (Doc. 61, p.5).

**Ruling:** Defendant's motion to compel a further response is granted. Plaintiff must **specifically identify** all documents supporting plaintiff's cause(s) of action. Plaintiff cannot simply tell defendant where the documents may be located, and expect defendant to sift through all the documents to identify those responsive to the interrogatory propounded. Plaintiff has not properly objected to the interrogatory and must answer Interrogatory No. 13.

**Interrogatory No. 15:** "Please state all facts upon which you base your contention that you have been denied equal protection of the law by defendant MARTINEZ as alleged in your Complaint."

**Response:** "I had a right not to be harrased, retaliated against and granted the rights and privileges of other pre trial detainees". (sic). Previous Response: "See Answer 11." Response filed June 30, 2008: "I really don't understand that question, but under federal and state law is where I stand,

3

and invoke my rights."

**Ruling:** Defendant's motion to compel a further response is granted. Plaintiff has not properly answered or objected to the interrogatory and must answer Interrogatory No. 15.

**Interrogatory No. 20:** "Please state all facts upon which you base your contention that you [sic] subjected to cruel and unusual punishment as alleged in your Complaint."

**Response:** "My cause is that, I know what my constitutional rights are, even tho under the circumstances, I still had secured rights. I know that I could have filed a state action, but because of the nature of the offence by the defendants, and what was occuring in the superior courts, of all superior court judges, my claim would not have been filed. Pretty much all of the county workers of the courts, were prejudice in my case in one way or another. One because I'm African American, Muslim & the nature of my criminal charges.

So I think you are again full of shit, for simply stating: 'Without these facts I am unable to evaluate this case for further discovery & a dispositive motion. I really want to cuss you out for what your doing. Stop being a coward and lets go to trial, if you don't want to go to trial, that tells me I got merit and a good case. So what I recommend is that ya'll settle!" (sic) (Emphasis in original). Previous Response: "See Answer 18".

**Ruling:** Defendant's motion to compel a further response is granted. Plaintiff has not objected to the interrogatory and must answer Interrogatory No. 20.

**Request for Monetary Sanctions**

Rule 37(a)(5) of the Federal Rules of Civil Procedure governs the payment of expenses for a party's failure to cooperate in discovery, stating in relevant part that "[i]f the motion [to compel discovery] is granted - or if the disclosure or requested discovery is provided after the motion is filed - the court must, after giving an opportunity to be heard, require the party...whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees." The court may not order this payment if the movant filed the motion before attempting in good faith to obtain discovery without court action, the opposing party's response was substantially justified, or any other circumstances that would make an award of expenses unjust. Id.

Defendant has requested his costs of bringing this motion of $412.50. (Doc. 56, p.3). Plaintiff

was provided an opportunity to be heard, and in response to the motion, filed only proof of service of his further responses to the interrogatories, without addressing defendant's request for monetary sanctions, or explaining why he provided his further responses only after defendant filed this motion. (Doc. 57, 58).

The court is mindful that plaintiff is incarcerated and proceeding pro se in this action, and has been lenient with plaintiff throughout this action. However, plaintiff cannot simply ignore discovery requests and allow the action to languish. Further, plaintiff was previously warned by court order issued September 4, 2007, that "failure to serve future responses or comply with court orders in this case will result in the imposition of sanctions deemed appropriate by the court." (Doc. 53, p.5). The court is also aware that plaintiff is proceeding *in forma pauperis* in this action. However, plaintiff's potential inability to pay does not bar the court from awarding costs against him and the court finds that defendant is entitled to recover his costs of this motion. Plaintiff is ordered to pay to defendant $412.50, within one month of service of this order.

**Conclusion and Order**

Based on the foregoing, the court HEREBY ORDERS as follows:

1. Within ten days of the issuance of this order, Plaintiff shall serve further responses to interrogatories 13, 15 and 20;
2. Within one month of service of this order, plaintiff shall pay to defendant's his costs of this motion of $412.50;
3. The deadline for completion of all discovery, including filing motions to compel, shall be August 29, 2008;
4. The deadline for filing pre-trial dispositive motions shall be September 30, 2008; and
5. A party's failure to comply with this order may result in the court issuing Findings and Recommendations that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **July 21, 2008**           /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

5