IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | CASE NO. 1:04-cv-6318 OWW DLB P |
| Plaintiffs, | ORDER DENYING MOTION TO COMPEL |
| vs. | (Doc. 61) |
| ANGEL MARTINEZ, | ORDER DENYING MOTION TO STRIKE OPPOSITION |
| Defendant. | (Doc. 71) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendant Martinez on plaintiff's original complaint, filed September 27, 2004. Now pending before the court is plaintiff's motion to compel, filed June 30, 2008.[1] (Doc. 61). Defendant filed an opposition on July 16, 2008, and plaintiff filed a motion to strike the opposition on August 19, 2008. (Docs. 62, 71).

**I.     Motion to Strike Opposition**

Plaintiff requests that defendant's opposition be stricken on the grounds that it is unsigned. (Doc. 71). Plaintiff also requests a monetary award of $200.

---

[1] Plaintiff attaches to the instant motion to compel correspondence concerning a separate action, Jones. v. Sweeney et al, Case No. 1:04-cv-6214 AWI DLB (PC). It is unclear to the Court how the correspondence relates to the instant motion to compel in this action, and it is therefore disregarded.

1

Local Rule 7-131 allows for the use of an electronic signature by attorneys. In this case, the opposition is signed by defendant's counsel using electronic signature. Local Rule 7-131(c). Plaintiff's motion to strike the opposition on the grounds that it is unsigned is DENIED. Plaintiff's request for money sanctions is also DENIED.

**II.   Motion to Compel Production of Documents**

On June 30, 2008, plaintiff filed a motion to compel production of the video recording of the incident, and also a copy of the procedure for a cell extraction for employees of Kings County Jail. (Doc. 61).

Plaintiff has not provided the Court with copies of the discovery requests at issue and the allegedly insufficient responses. As the moving party, it is plaintiff's obligation to provide the Court with the evidence (eg., discovery documents) on which his motion is based. However, because Defendant has provided the Court with a copy of the disputed discovery requests and responses, the Court shall resolve the pending motion.[2]

**A.   Requirement to Meet and Confer**

Defendant asserts that Plaintiff has failed to adequately meet and confer prior to filing the instant motion to compel, and the motion should therefore be denied. (Doc. 62, Opposition, p.4).

Pursuant to Rule 37, a motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. Pro. 37(a)(2)(A). Pursuant to the court's Discovery Order, filed on March 8, 2006, " [i]f disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including . . . Rule[] 37 . . . ." (Doc. 33, ¶ 5.) "A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions." (Id.)

Plaintiff states that on or about October through December 2005, Plaintiff requested that Defendant "make available" the discovery items subject to the instant motion. Plaintiff states that he then requested the items by letter on January 3, 2008. (Doc. 61, Motion to Compel, pp.1-2).

---

[2] Had the Court stricken defendant's opposition as plaintiff requested, plaintiff's motion to compel would necessarily fail. Defendant provided the Court with the only copy of the disputed discovery requests and responses.

2

In opposition, Defendant asserts that Plaintiff failed to meet and confer in any meaningful respect. Defendant asserts that there was no attempt on Plaintiff's part to explain why the information was not privileged, nor was there any attempt to reach an agreement on a protective order. (Doc. 62, Opposition, p.4).

A review of the correspondence dated January 3, 2008, which Plaintiff states was sent in an effort to obtain the documents requested, is insufficient to satisfy the requirement to meet and confer. Fed. R. Civ. P. 37. (Doc. 62, Linden Declaration, Exh. C). The purpose of this requirement is to resolve discovery disputes without court action. A letter re-iterating a previous request, without addressing any of the objections raised by the responding party, does not constitute a meaningful attempt to resolve the discovery dispute at issue.

Because plaintiff's motion to compel fails to comply with the requirements set forth in Rule 37, pursuant to the court's Discovery Order and Scheduling Order, the motion to compel, filed June 30, 2008, must be denied.

**B.  Request for Video Recording of Incident; Request for Copy of Procedure for Cell Extraction for Employees of Kings County Jail.**

Even assuming for the sake of argument that Plaintiff had adequately fulfilled the requirement to meet and confer, Plaintiff's motion to compel must still be denied.

First, Plaintiff has moved to compel the production of a copy of the video recording of the incident. In opposition, defendant contends, *inter alia,* that plaintiff has never requested production of the videotape and therefore its production cannot be subject to a motion to compel. (Doc. 62, p.5:4-6).

Defendant has provided copies of the discovery requests propounded by plaintiff. (Doc. 62, Linden Decl., Exhs A, B). A review of the discovery documents indicates that plaintiff never requested a copy of the videotape. Therefore, plaintiff's motion to compel production of the videotape of the incident is denied.

Second, Plaintiff has moved to compel the production of a copy of the procedure for cell extraction for employees at Kings County Jail.

A review of plaintiff's discovery requests indicates that plaintiff had requested a copy of the policy and procedures for California Department of Corrections cell extractions, and not for Kings

3

1 | County Jail. Defendant responded by stating that he did not have possession of such documents.

Plaintiff also propounded upon defendant Special Interrogatory No. 4, requesting that Defendant "describe in detail the policy and procedure to do a cell extraction; and what are the requirements." Defendant responded: "This interrogatory is objected to on the grounds that it is unreasonably burdensome, vague, ambiguous and overbroad. Further, it seeks information not relevant to the subject matter of this litigation, nor likely to lead to the discovery of admissible evidence, and it is compound. This information is also protected by Evidence Code §§ 1040 and 1043 and the official information privilege."

Plaintiff only requested a copy of the cell extraction procedure for C.D.C.R. To the extent that Plaintiff's Special Interrogatory No. 4 can be construed as a request for a copy of the cell extraction procedure at Kings County Jail, plaintiff has not provided the Court with any basis upon which to grant his motion to compel. This action is proceeding on plaintiff's claim of excessive force against defendant Martinez. Plaintiff has not explained in his motion to compel how the document is relevant to his claim, or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has made no argument to the Court as to why Defendant's response is in any way deficient.

Accordingly, plaintiff's motion to compel must be denied.

### C. Request for Protective Order

Defendant requests that any documents ordered produced be subject to a protective order. As the Court has denied the motion to compel, defendant's request for a protective order is disregarded.

## III. Conclusion

Based on the foregoing, Plaintiff's motion to compel, filed June 30, 2008, is HEREBY DENIED. Plaintiff's motion to strike Defendant's Opposition, filed August 19, 2008, is also DENIED.

IT IS SO ORDERED.

Dated: **December 15, 2008**         **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE