**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

FREDERICK JONES, SR.,

           Plaintiffs,

    vs.

ANGEL MARTINEZ,

           Defendant.

_____/

CASE NO. 1:04-cv-6318 OWW DLB P

ORDER DENYING MOTION FOR JOINDER

(Doc. 64)

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendant Martinez on plaintiff's original complaint, filed September 27, 2004. Now pending before the court is plaintiff's motion for joinder of additional defendants, filed July 29, 2008. (Doc. 64). Defendant filed an opposition on July 30, 2008. (Doc. 65).

**I.      Motion to Amend Complaint**

Plaintiff seeks to add the County Officer/County Supervisor/County of Kings and the Sheriff as defendants. Plaintiff states "Plaintiff strongly believes that the joinder of the added defendants i.e., the County Officer and Sheriff. The County Officer pays the officials and the sheriff deputies are sworn in and work in assistance of." (Doc. 64, Motion, p.2). Plaintiff further asserts that the putative defendants "occupy the position of liability by way of 'supervisory liability', as the chain of command the treasure

[sic] within Kings Co. cuts the check & disburses it to all state personnel". (Id., at p.4). Plaintiff states that Defendant would be willing to agree to the proposed amendment. (Id., at p.2).

In opposition, Defendant asserts that i) he has not agreed to any pleading amendments, ii) Plaintiff has not submitted his proposed amended complaint, iii) Plaintiff has not demonstrated good cause to modify the scheduling order and iv) Plaintiff has not demonstrated good cause to grant his request for leave to amend.

Plaintiff states that his motion is brought pursuant to Fed. R. Civ. Pro. Rules 18, 19 and 21 governing joinder of parties in an action. Because Plaintiff is attempting to add new defendants and claims to this action, the Court construes Plaintiff's motion as a motion to amend his complaint, per Rule 15.

**A.      Modification of Scheduling Order**

Plaintiff filed the instant motion on July 29, 2008. The deadline set for amending pleadings in this action was May 30, 2008. (Doc. 53).

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Plaintiff did not file a request for modification of the scheduling order explaining why good cause exists to accept his late submission. However, in his declaration filed in support of his motion to amend, Plaintiff states that "[t]he current motion pending befor [sic] the Courts is supported by the F.R.C.P. even tho [sic] it wasn't filed right by the Plaintiff at amendment, Plaintiff at that time was unsure if putting the requested added parties were serviceable. Because a related complaint were denied (Jones v. Vento) and Plaintiff did not want to take that chance of having this pending law suit dismissed." (Doc. 64, Jones Declaration, ¶5). Plaintiff also argues that "at the time the motion were prepared, was not sure if it was possible to join defendant's employee and supervisor. Plaintiff was in the early stages of knowing how to litigate. Now that knowledge exist as to how." (Doc. 64, Motion,

p.4).

The Court is mindful that Plaintiff is proceeding pro se in this action and may not be well versed in the law. However, the Court's screening order filed November 19, 2004 explained to Plaintiff the legal standard for stating claims against supervisory personnel, and also provided Plaintiff with an opportunity to file an amended complaint. See Court Document 10, p.7. Plaintiff did not file an amended complaint, and this action was ordered to proceed only on the cognizable claims against defendant Martinez. (Doc. 16). The Court then issued its Scheduling Order and Discovery Order setting the deadline for amended pleadings. (Doc. 33). The deadline for amended pleading was subsequently extended to May 30, 2008, in effect giving Plaintiff nearly four years from the date of filing this action to seek leave to amend. (Doc. 53). Plaintiff has not demonstrated to the Court why he was unable to meet the May 30, 2008 deadline. Plaintiff has not demonstrated to the Court why he could not meet the deadline despite his due diligence, or even what actions he took that would constitute due diligence.

**II.    Conclusion**

Because there exists no good cause to modify the amended pleadings deadline, Plaintiff's motion for joinder, filed July 29, 2008 is untimely and therefore DENIED. There is no need to address Defendant's further arguments in opposition.


IT IS SO ORDERED.

**Dated:    December 15, 2008              /s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE