IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES SR., | CASE NO. 1:04-cv-6318 LJO DLB PC |
| | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED |
| | OBJECTIONS DUE IN FIFTEEN (15) DAYS |
| Plaintiff, | (Doc. 66) |
| | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Docs. 68, 69) |
| ANGEL MARTINEZ, | SCHEDULING ORDER |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendant Martinez on Plaintiff's complaint, filed September 27, 2004 for use of excessive force. Now pending before the court is Defendant's motion to dismiss, filed August 5, 2008, for failure to comply with the court's July 22, 2008 order. (Doc. 66). On August 5, 2008 Plaintiff filed objections to the same order and on August 25, 2008, Defendant filed a reply. (Docs. 69, 72). Defendant has also filed an ex parte application for modification of the Scheduling Order. (Doc. 73).

///

## I. July 22, 2008 Order

On March 17, 2008, Defendant filed a motion to compel further responses to interrogatories, for money sanctions, and for modification of the scheduling order. (Doc. 56). The Court ordered Plaintiff to file a response to Defendant's motion. (Doc. 57). On April 17, 2008, Plaintiff filed proof of service upon Defendant of his further responses. (Doc. 58). Defendant then filed a reply. (Doc. 59).

On July 22, 2008, this Court issued an order granting Defendant's motion to compel. (Doc. 63). Plaintiff was ordered to provide further responses to interrogatories nos. 13, 15 and 20 within ten days of service of the order, and costs of $412.50 were awarded to Defendant, to be paid within one month of service of the order. The Court also extended the discovery deadline and the dispositive motion deadlines.

## II. Plaintiff's Objection

On August 5, 2008, Plaintiff filed an objection to the July 22, 2008 order. (Doc. 69). The Court construes Plaintiff's filing as a motion for reconsideration.

### A. Legal Standard for Motion for Reconsideration

To succeed on a motion for reconsideration, a party generally must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Cf. Fed. R. Civ. Pro. 60 (governing motions for reconsideration of final orders and judgments); Local Rule 78-230(k) (governing motions for reconsideration of orders resolving motions).

Plaintiff asserts that the Magistrate Judge has erred in issuing the order. (Doc. 69, Motion, p.1). Plaintiff states that the Court has applied a heightened standard to Plaintiff in this litigation. Plaintiff states that he has attempted to respond to all discovery requests with due diligence and good faith. (Id., at p.5). Plaintiff further asserts that Defendant's original motion to compel, which was granted by the Court's order issued July 22, 2008 is procedurally defective because it is unsigned, and therefore the Court's order cannot stand. Plaintiff also requests money sanctions of $500.00 and the appointment of counsel to assist him with discovery.

### B. Analysis

Local Rule 7-131 allows for the use of an electronic signature by attorneys. In this case, the motion to compel was signed by Defendant's counsel using electronic signature. Local Rule 7-131(c).

Plaintiff's motion for reconsideration, on the basis that the underlying request was procedurally defective is without merit.

Additionally, Plaintiff has not met his burden in demonstrating that the Magistrate Judge's ruling was erroneous. Although Plaintiff states that he has been held to a heightened standard, upon review, the evidence does not support his argument. Further, Plaintiff was provided with an opportunity to respond to Defendant's March 17, 2008 motion prior to the Court issuing its order filed July 22, 2008, but Plaintiff did not do so. There is no basis upon which to grant Plaintiff's motion for reconsideration.

Accordingly, Plaintiff's motion for reconsideration, filed August 5, 2008 is DENIED. The Court does not find that money sanctions are warranted, and Plaintiff's request for $500 is also DENIED.

### C. Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily.

In accordance with the above, plaintiff's request for the appointment of counsel is denied.

### III. Defendant's Motion to Dismiss For Failure to Obey a Court Order

On August 5, 2008 Defendant moved to dismiss this action as a sanction for Plaintiff's failure to comply with the Court's July 22, 2008 order. Defendant contends that Plaintiff still has not provided the discovery responses required by the Court's order. Defendant requests that this action be dismissed

///

///

pursuant to F.R.C.P. 37(b)(2)(C)[1], or alternatively F.R.C.P. 41(b).

**A.  Legal Standard for Dismissal**

Defendant seeks dismissal of this action because Plaintiff has not timely served further responses to interrogatory nos. 13, 15 and 20, as ordered by the Court.

Rule 37(b)(2) provides in part:

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f),35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

***

(v) dismissing the action or proceeding in whole or in part.

"Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

1.  The public's interest in expeditious resolution of litigation;
2.  The court's need to manage its docket;
3.  The risk of prejudice to the party seeking sanctions;
4.  The public policy favoring disposition of cases on their merits; and
5.  The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether

---

[1] Fed. R. Civ. Pro 37(b)(2)(C) concerns the payment of expenses as a sanction for failing to comply with a Court order. Fed. R. Civ. Pro. 37(b)(2)(A)(v) provides for the sanction of dismissal for failure to obey a discovery order.

4

the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Public policy favors disposition of cases on their merits. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a Defendant may move for dismissal of an action or of any claim against the Defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.Pro. 41(b). Dismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004); Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

**B.     Analysis**

The Court is well aware that the discovery phase of this litigation has been protracted and lasted over two years. Numerous motions to compel - as well as motions to dismiss for failure to comply with discovery - have been filed. The claim upon which this action proceeds is not particularly complex, and involves an alleged incident of excessive force.

The Court finds that there are less drastic sanctions than dismissal of this action that will sufficiently resolve the discovery issues in dispute and will allow for the disposition of this case on its merits.

With respect to Interrogatory No. 13, Defendant requests that "for each cause of action identified in Interrogatory No. 11 above, please identify all documents supporting that cause of action". This action is proceeding solely on Plaintiff's excessive force claim. Plaintiff is precluded from referring to, or submitting into evidence, at trial and upon dispositive motion, any documents responsive to this request that he has not previously specifically identified or provided to Defendant.

With respect to Interrogatory No. 15, Defendant requests that Plaintiff "state all facts upon which you base your contention that you have been denied equal protection of the law by Defendant MARTINEZ as alleged in your Complaint." There is no equal protection claim proceeding in this

action. No further response is required.

Finally, with respect to Interrogatory No. 20, Defendant requests as follows "Please state all facts upon which you based your contention that you [sic] subjected to cruel and unusual punishment as alleged in your Complaint."

Since the filing of the instant motion to dismiss, Plaintiff has filed an affidavit entitled "Affidavit of Frederick Jones Sr in Support of Civil Rights Case, Based on Facts". (Doc. 70). Plaintiff's affidavit is sworn under oath and provides a response to Defendant's interrogatory. Plaintiff has substantially complied with Defendant's request and no further response is required.

### III. Further Scheduling Order

Defendant has filed an ex parte application to modify the discovery and dispositive motion deadlines. (Doc. 73). Defendant states that because of Plaintiff's failure to properly respond to the discovery requests discussed, Defendant has been unable to proceed with discovery, and also to depose Plaintiff. Defendant further states that he has been unable to assess whether this action is amenable to a dispositive motion.

It is not clear that any further discovery, save Plaintiff's deposition, is required. Accordingly, the Court shall extend the discovery deadline for the limited purpose of taking Plaintiff's deposition, if Plaintiff has not already been deposed.

### IV. Conclusion

Based on the foregoing, Plaintiff's motion for reconsideration and for appointment of counsel, filed August 5, 2008, is denied.

The Court further recommends that Defendant's motion to dismiss, filed August 5, 2008, also be denied. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **15 days** of service of these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

The Court does not find that costs for either party are warranted for these motions. Further, the

parties are advised as follows:

1) The discovery deadline shall be extended to February 9, 2009, and is extended for the limited purpose of taking of Plaintiff's deposition; and

2) The deadline for filing disposition motions shall be April 10, 2009.


IT IS SO ORDERED.

**Dated:   December 16, 2008**                    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE